| | CIVIL MINUTES - GENERAL | 'O' JS-6 | |
|---|---|---|---|
| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Mark de Langis (By Telephone) | | Not Present |

**Proceedings:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 15, filed June 26, 2017)

## I. INTRODUCTION

On September 14, 2016, plaintiffs APL Co. Pte Ltd and American President Lines ltd. (collectively "APL") filed this action against defendant Extreme Linen, LLC, a shipper of linens and bedding. Dkt. 1 ("Compl."). APL alleges that Extreme Linen failed to meet the requirements of the Minimum Volume Commitment ("MVC") clause of their service agreement, triggering the liquidated damages provision. Id. APL alleges that Extreme Linen was sent an invoice but has not paid. Id. APL alleges claims for breach of maritime contract, open account, and common count for services performed. Id. APL seeks recovery of $19,075 due under the liquidated damages provision, plus attorneys' fees and costs. Id.

On October 9, 2016, APL served the summons and complaint on defendant. Dkt. 8. On October 10, 2016, APL submitted proof of service to the Court. Id. Extreme Linen failed to file an answer or otherwise respond.

On January 6, 2017, the Clerk of Court entered default against Extreme Linen. Dkt. 13. On June 26, 2017, APL filed the instant motion for default judgment against Extreme Linen. Dkt. 15 ("Motion").

The Court held oral argument on July 31, 2017 and Extreme Linen did not appear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

## II. BACKGROUND

APL is an ocean carrier of goods for hire that carries shipments between the United States and foreign ports. Compl. ¶ 6. On May 1, 2014, APL entered into a service contract with Extreme Linen to transport linens and bedding from China and India into the United States. Id. ¶ 7. The contract contained a MVC provision that expressly required Extreme Linen to tender cargo in a sufficient quantity to satisfy the requirements set out in each appendix. Id. ¶ 8. Under Appendix A to the contract, the MCV obligated Extreme Linen to tender a minimum quantity of 175 freight equivalent units ("FEU") before the contract expired on April 30, 2015. Id. ¶ 9. The contract also included a liquidated damages or "dead freight" provision which stated that Extreme Linen shall pay, within thirty days of receiving an invoice, "US$350 for each FEU by which the MVC exceeds the volume actually tendered." Id. ¶ 10. Additionally, the contract contained an attorney's fee provision stating "the cost of and expense of the arbitration or litigation (including reasonable attorneys' fees and costs) shall be borne by the non-prevailing party." Motion at ¶ 6; dkt. 17, Declaration of Kitt Truong ("Truong Decl."), Ex. A ("Contract") ¶ 9(a).

Once the contract had expired, APL alleges that it determined Extreme Linen had shipped only 120.5 FEUs, 54.5 FEUs short of what the contract required. Compl. ¶ 12. Because Extreme Linen failed to meet the MVC requirements, APL alleges defendant is obligated to pay APL $19,075.00 ($350 × 54.4 = $19,075.00). Id. On August 12, 2015, APL issued and presented an invoice to Extreme Linen for $19,075.00. Id. ¶ 13. Extreme Linen was required under the contract to pay by September 11, 2015. Id. Extreme Linen has never paid the invoice. Id. ¶ 14.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

Practice Guide: Federal Civil Procedure Before Trial 1 ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial. S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. 03-cv-6387-DT, 2004 WL 141959, *3 (CD. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV.   DISCUSSION

### A.   Application of the Eitel Factors

#### 1.   Possibility of Prejudice to Plaintiffs

The first Eitel factor weighs in favor of entry of default judgment. APL contends that Extreme Linen entered into a contract that obligated them to pay liquidated damages if they did not tender the minimum quantity stated in the MVC, Extreme Linen failed to satisfy the quantity, but Extreme Linen never paid plaintiffs. Compl. ¶ 14. Because Extreme Linen has not appeared in this matter, APL will be without any other recourse for recovery unless default judgment is granted. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that plaintiffs would have no other recourse if a default judgment were not entered).

#### 2.   The Merits and Sufficiency of Plaintiffs' Substantive Claims

The next two Eitel factors turn upon the adequacy of plaintiffs' allegations and whether plaintiffs have stated a claim upon which they may recover. Kloepping v. Fireman's Fund, No. 94-cv-2684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

Plaintiffs allege claims for breach of maritime contract, open account, and common count for services performed.

To prevail on a breach of contract claim in California, a plaintiff must show "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."[1] Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011). Here, plaintiffs allege on May 1, 2015, APL and Extreme Linen entered into a written service agreement, numbered EB14/0499. Compl. ¶ 7. Extreme Linen failed to tender the minimum requirement, triggering the liquidated damages provision. Id. ¶ 12; Contract ¶ 3(b). APL alleges Extreme Linen breached the contract when it failed meet the requirements of the MVC and failed to pay the invoice within 30 days. Id. ¶ 18; see Truong Decl., Ex. B (invoice for $19,075 dated August 12, 2015). APL has been unable to collect the liquidated damages from Extreme Linen. Compl. ¶ 26. Accordingly, the Court finds that plaintiffs have adequately stated a claim for relief on their breach of maritime contract.

ALP further alleges that Extreme Linen owes money on an open account. "A book account is created by the agreement or conduct of the parties in a commercial transaction." H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp., 99 Cal. App. 3d 711, 728 (1979). "To prevail on an open book account claim, a plaintiff must show that: (1) Plaintiff and Defendant had financial transactions; (2) that Plaintiff kept an account of the debits and credits involved in the transactions; (3) that Defendant owes money on the account; and (4) the amount of money that Defendant owes Plaintiff." In re Beshmada, LLC, No. 2:09-bk-25523-BR, 2014 WL 4060262, at *7 (C.D. Cal. Aug. 15, 2014) (quotation marks omitted). However, "moneys due under an express contract cannot be recovered in an action on an 'open book account' in the absence of a contrary agreement between the parties." H & C Global Supplies SA DE CV v. Pandol Assocs. Marketing, Inc., No. 1:13-cv-0827-AWI, 2013 WL 5954812, *2, (E.D. Cal. Nov. 6, 2013). Here, APL appears to allege that the invoice sent to Extreme Linen constitutes a financial transaction sufficient to support an open book account claim. Compl. ¶¶ 21–22. However, APL alleges Extreme Linen is indebted to them for an amount fixed by the expressed terms of the contract, rather than a book account. Id. ¶ 21. Furthermore, APL

---

[1] "Maritime contract actions are governed by state law, provided state law does not clearly conflict with federal maritime law." APL Co. PTE, LTD. v. J.R.J. Enterprises, Inc., No. 10-cv-2253-SC, 2010 WL 3751853, at *2 n.3 (N.D. Cal. Sept. 24, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

has not alleged facts demonstrating the existence of a "contrary agreement between the parties." See H & C Global, 2013 WL 5954812, at *2. Accordingly, the Court finds that APL has not adequately alleged a claim for open account.

APL alleges Extreme Linen has not paid for services performed. "In California, a common count for services rendered requires a plaintiff to show (1) that the defendant requested that the plaintiff perform services for the defendant's benefit; (2) that plaintiff performed the services as requested; (3) that defendant has not paid for the services; and (4) the reasonable value of the services provided." Ydm Management Co., Inc. v. Aetna Life Insurance Company, No. 15-cv-00897-DDP, 2016 WL 3751943, at *4 (C.D. Cal. July 13, 2016). A plaintiff may assert both a claim for breach of contract and common count if the claims are based on different theories of recovery. See Crocker-Anglo Nat. Bank v. Kuchman, 224 Cal. App. 2d 490, 497 (1964); JBR, Inc. v. Cafe Don Paco, Inc., No. 12-cv-02377-NC, 2014 WL 5034640,*14 (N.D. Cal. Aug. 25, 2014) ("The Court finds that the same factual allegations that support plaintiff's breach of contract claim, accepted as true, also support a common counts claim in the alternative."). In an action for services rendered, "the law implies an agreement to compensate for services rendered and bases recovery upon the reasonable value of the services. [R]ecovery is not on the contract but on the promise the law implies." Burgermeister v. Wells Fargo Bank etc. Co., 191 Cal.App.2d 624, 627 (1961). Here, plaintiffs allege that Extreme Linen requested that APL ship its goods, APL performed a service for Extreme Linen by shipping its goods, Extreme Linen has failed pay APL for its services, and the value of the services is $19,075.00. Compl. ¶¶ 24–26. Accordingly, the Court finds APL has properly alleged a common count for services performed.

Because plaintiffs sufficiently allege their claims for breach of contract and for common count for services performed, the Court concludes that the second and third Eitel factors weigh in favor of the entry of default judgment.

### 3. The Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

09421-MMM, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiffs seek to recover $19,075, plus $1,744.50 in attorneys' fees and $400 for the cost of filing this law suit, totaling $21,219.50. The amount requested accurately reflects the amount due under the dead freight and attorneys' fees provisions. See Motion ¶¶ 5–6; Contract ¶¶ 3(b), 9(a). Plaintiffs are not seeking a large award of punitive or special damages, but rather actual damages specified under the contract, including attorneys' fees and the costs of suit. Accordingly, the Court finds this amount reasonable under the circumstances. See Canadian Nat. Ry. Co. v. Phoenix Logistics, Inc., No. 11-cv-04589-EMC, 2012 WL 1376978, at *2 (N.D. Cal. Apr. 19, 2012) ("The remedy sought by Plaintiff is limited to the damages that would be reasonably expected to put Plaintiff in the same position had Defendant fulfilled its contractual obligations . . . [t]herefore, the sum of money at stake is reasonably proportionate to the harm caused to Plaintiff by Defendant's breach"); UBS Fin. Servs., Inc. v. Martin, No. 13-cv-1498-MMA, 2014 WL 2159280, *4 (S.D. Cal. May 23, 2014) (finding the amount of $117,617.50 to be proportional to harm caused by defendant's breach of contract because the amount was "consistent with the terms of the contract and otherwise appropriate for purposes of Eitel"); Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 921 (C.D. Cal. July 19, 2010) (awarding $243,817.34 in contract damages in a default judgment case where plaintiff produced invoices and proffered declarations reflecting the outstanding balance owed by defendant). This factor thus weighs in favor of default judgment.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. (internal citations omitted). Accordingly, there does not appear to be disputed material facts and this factor weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

### 5.    Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that defendant allowed the default to be taken as the result of excusable neglect. Defendant was properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment. Dkt. 16, Declaration of Mark K. de Langis; see Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, this factor weighs in favor of the entry of default judgment.

### 6.    Public Policy in Favor of Deciding the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a party's failure to answer or appear makes a decision on the merits impractical, if not impossible. PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, this factor does not preclude entry of default judgment.

### 7.    Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors counsel in favor of default judgment, including the merits of the plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, this Court finds that entry of the default judgment is appropriate.

### B.    Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiffs seek to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06885-CAS (FFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | APL CO. PTE LTD ET AL. v. EXTREME LINEN, LLC | | |

recover $19,075, plus $1,744.50 in attorneys' fees and $400 for filing costs, totaling $21,219.50. Given the facts alleged and the terms of the contract, the Court finds that plaintiffs' calculation of the liquidated damages is correct. In addition, $350 per FEU does not appear to be an unreasonable attempt calculate damages that would make the contract unenforceable. See Cal. Civ. Code § 1671(b) ("a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made").

Additionally, the contract provides for attorneys' fees and costs to be paid by the non-prevailing party. See Contract ¶ 9(a). Plaintiffs seek $1,744.50 in attorneys' fees. Local Rule 55-3 determines attorneys' fees for default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment of $10,000 to $50,000, the schedule of attorneys' fees allows $1,200 plus 6% of the amount over $10,000. The Court finds plaintiffs request for $19,075 to be reasonable. Given plaintiffs' damages in the amount of $19,075, plaintiffs are entitled to $1,744.50 in attorneys' fees—that is, $1,200 + $544.50 (i.e., 6% of $9,075). In addition, plaintiffs seek $400 in costs for their filing fee. Local Rule 54-1 provides that a prevailing party is entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d). C.D. Cal. L.R. 54-1. The Court thus awards APL $400 in costs.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** APL's motion for default judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment be entered in favor of plaintiffs and Extreme Linen shall be liable to plaintiffs in the amount of $21,219.50 (comprised of $19,075 in liquidated damages, $1,744.50 for attorneys' fees, and $400 in filing fees).

IT IS SO ORDERED.

| | 00 | 01 |
|---|---|---|
| Initials of Preparer | | CMJ |